```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KENNETH HAROLD BURNO, JR.    :    CIVIL ACTION
                             :
     v.                      :
                             :
JOHN E. WETZEL, et al.       :    NO. 12-4964

ORDER

AND NOW, this 8th day of August, 2013, upon consideration of petitioner Kenneth Harold Burno, Jr.'s counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our Order referring this matter to the Honorable Linda K. Caracappa for a report and recommendation (docket entry # 2), defendants' response (docket entry # 5), Judge Caracappa's report and recommendation ("R&R") (docket entry # 9), and Burno's objections to that report and recommendation (docket entry # 10), and the Court finding that:

(a)  Burno's petition raises two grounds for relief: he argues that trial counsel was ineffective (1) in failing to object to flawed jury instructions regarding the "credibility standards for [the] jury to use in judging [the] credibility" of Vernell Jones, an "accomplice witness who testified against [the] Petitioner", Pet. at 6, and (2) in "failing to demand a proper cautionary instruction" with regard to evidence that

Vernell Jones had pled guilty to the same charges for which Burno was on trial, Pet. at 8;

(b)  Judge Caracappa rejected both claims, as we will describe below;

(c)  Burno objects to both findings,[1] and we are to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects, see 28 U.S.C. § 636;

(d)  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts are to grant considerable deference to state court decisions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless adjudication of the claim --
>
> (1)  Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

---

[1] Local Civil Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) . . . within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections".

> law, as determined by the Supreme Court of
> the United States; or
> (2)  Resulted in a decision that was based
> on an unreasonable determination of the
> facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d);

(e)  In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), Justice O'Connor explained for the Court the degree of deference § 2254(d)(1) demands: a state court decision is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts", and a decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case", <u>Williams</u>, 529 U.S. at 412-13;

(f)  Justice O'Connor made clear for the Court that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly. Rather, that application must also be unreasonable", id. at 411;

(g) As the United States Supreme Court more recently explained,

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011);

(h) The standard of unreasonableness is thus "a substantially higher threshold" than the standard would be for finding that the state court's determination was incorrect, Schriro v. Landrigan, 550 U.S. 465 (2007);

(i) Outside of the review § 2254(d) describes, federal courts are without the power to review a state court's interpretation of state law -- as the United States Supreme Court explained in Estelle v. McGuire, 502 U.S. 62 (1991), "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding

whether a conviction violated the Constitution, laws, or treaties of the United States", id. at 67-68;

(j) Thus, with regard to jury instructions, "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief", Estelle, 502 U.S. at 71-72;

(k) The analysis in Strickland v. Washington, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims;

(l) Under Strickland, in order to state a claim for ineffective assistance of counsel a petitioner must establish both (1) that counsel's performance was deficient, i.e., unreasonable under prevailing professional standards,[2] and (2) prejudice, i.e., that but for counsel's ineffectiveness, the outcome of the proceeding would have been different, Strickland, 466 U.S. at 687; see also Shotts v. Wetzel, -- F.3d --, No. 11-3670, 2013 WL 3927730, at *8-9 (3d Cir. July 31, 2013);

(m) The ultimate question of ineffective assistance under Strickland is "whether counsel's conduct so undermined the

---

[2] Under this prong, "[j]udicial scrutiny must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", Strickland, 466 U.S. at 688-89.

5

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result", <u>Strickland</u>, 466 U.S. at 687;

(n) Our Court of Appeals has explained that a petitioner cannot sustain a <u>habeas</u> claim on the grounds that counsel was ineffective for failing to object to jury instructions that have been found by the state court to comport with state law:

> Bound by the state court's determination that the instruction at issue comported with state law, it is evident that [the petitioner] cannot satisfy the first component of a viable ineffective assistance of counsel claim - that counsel's performance was deficient. Thus [the petitioner] cannot overcome the "strong presumption" that his counsel's conduct fell outside the "wide range of reasonable professional assistance."

<u>Priester v. Vaughn</u>, 382 F.3d 394, 402 (3d Cir. 2004) (quoting <u>Strickland</u>, 466 U.S. at 689);

(o) Judge Caracappa rejected Burno's first contention, that counsel was ineffective for failing to object to an instruction conditioning the application of the "corrupt and polluted source" standard on a jury finding that Burno and Jones were accomplices, R&R at 9-10;

(p) Judge Caracappa reasoned that the trial counsel's decision was not unreasonable under the first prong of <u>Strickland</u> because "it was a strategic decision consistent with a defense theory of the case", <u>id.</u> at 9, as she explained:

> It is reasonable for counsel to not request an instruction -- here, that the jury must conclude Ms. Jones was his accomplice, and must therefore apply the special rules for evaluating her testimony -- when such an instruction would contradict the theory of the case. Petitioner's defense at trial was that he was not involved in the murder and that Ms. Jones acted alone. It would have undermined petitioner's defense if the jury instruction directed the jury as a matter of fact to conclude that Ms. Jones was his accomplice rather than leaving that question to the jury.

<u>Id.</u> at 9;

(q) Burno does argue that "the application of [the 'corrupt and polluted source'] standard[] should not have been deferred until after the jury determined whether or not Vernell Jones was being truthful with regard to her testimony that she was an accomplice of the Petitioner", Obj. at 4, but he does not suggest that counsel should have asked the judge to instruct the jury as a matter of fact that Jones and Burno were accomplices;

7

(r) Instead, Burno argues that the jury should have evaluated Jones's testimony under the "corrupt and polluted source" standard because "there was an arrangement between Vernell Jones and the prosecution that resulted in her becoming a witness for the Commonwealth", and this cooperation alone warranted a credibility instruction, Obj. at 5;

(s) Though the R&R does not directly address Burno's concern with the instruction, we nevertheless agree with Judge Caracappa's conclusion that Burno's first contention does not warrant habeas relief -- Estelle and Strickland, and their synthesis in Priester, squarely control this claim, and as in Priester -- where the state court has found the instruction at issue to comport with state law -- we cannot say that trial counsel was unreasonable for failing to object to it;

(t) Judge Caracappa also rejected Burno's second claim, that counsel was ineffective in failing to ask for an instruction that Jones's guilty plea could not be considered as evidence of Burno's guilt, R&R at 10;

(u) The respondents contend that "the Superior Court relied on state law precedent in denying petitioner's PCRA claim," and so "the state court's 'determination of a state law

8

issue may not be second-guessed now on federal habeas review'", Resp. Br. at 18 (quoting Estelle, 502 U.S. at 68);

(v) Judge Carapacca agreed, finding that "[t]he Superior Court, the final state court to address the claim on the merits, relied on controlling Pennsylvania case law, Commonwealth v. Cook, 676 A.2d 639 (Pa. 1996), to determine that petitioner was not entitled to a precautionary jury instruction", R&R at 11, and the federal court on § 2254 review "must defer to the Superior Court's conclusion that as a matter of state law petitioner was not entitled to the precautionary jury instruction", id. at 11-2;

(w) Burno objects that "[t]he Magistrate Judge erred in accepting the reliance of the Superior Court of Pennsylvania upon [Cook] to justify denial of relief" because he argues that Cook is inapposite and that subsequent cases have undermined its holding, Obj. 7-8;

(x) This amounts to an argument about the merits of the state court's application of state law identical to the argument Judge Caracappa properly rejected, see R&R at 12 n.3 ("Petitioner urges this court to consider alternative case law regarding whether a defendant is entitled to a precautionary

9

jury instruction when a co-defendant's guilty plea is introduced into evidence. This argument is unavailing at this stage of review", where "the question of whether petitioner was entitled to a specific jury instruction under state law was reached on the merits by the state court");

(y) We agree, and we approve of Judge Carapacca's finding on this claim;

(z) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(aa) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(bb) We do not believe that reasonable jurists could debate the conclusion that § 2254(d) precludes Burno's claims;

It is hereby ORDERED that:

1. Petitioner's objections (docket entry # 10) are OVERRULED;

2. Judge Carapacca's report and recommendation (docket entry # 9) is APPROVED and ADOPTED;

3. Burno's petition for a writ of habeas corpus is DENIED;

4. For the reasons summarized in (bb) above, we DECLINE to issue a certificate of appealability; and

5. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_____
Stewart Dalzell, J.